UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRACK LORENZO RUCKER,

    Petitioner,                     Civil No. 2:11-CV-13153
                                     HONORABLE VICTORIA A. ROBERTS
v.                                 UNITED STATES DISTRICT JUDGE

RAYMOND BOOKER,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS**

Brack Lorenzo Rucker, ("Petitioner"), confined at the Ryan Correctional Facility in Detroit, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.§ 2254. In his *pro se* habeas petition, Petitioner challenges his conviction and sentence for one count of armed robbery, M.C.L.A. 750.529. For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner pleaded guilty to the above charge in the Jackson County Circuit Court. In exchange, the prosecutor dismissed a second armed robbery count, an unlawful imprisonment count, and two felony-firearm counts. On March 13, 2008, Petitioner was sentenced to ten years, six months, to twenty years in prison. On June 27, 2008, the trial judge denied Petitioner's motion for re-sentencing.

Petitioner's conviction and sentence were affirmed on appeal. *People v. Rucker,*

1

No. 287715 (Mich.Ct.App. October 15, 2008); *lv. den.* 483 Mich. 896; 760 N.W. 2d 470 (2009). Petitioner then filed a post-conviction motion for relief from judgment, which was denied by the trial court. *People v. Rucker,* No. 07-004174-FC (Jackson County Circuit Court, March 1, 2010); *reconsideration den.* April 7, 2010. The Michigan appellate courts denied Petitioner leave to appeal. *People v. Rucker,* No. 298520 (Mich.Ct.App. August 3, 2010); *lv. den.* 488 Mich. 1046; 794 N.W. 2d 586 (2011).

Petitioner seeks a writ of habeas corpus on the following grounds: (i) the trial court improperly scored Offense Variables 7 and 8 of the Michigan Sentencing Guidelines; (ii) the trial court erred in awarding $ 1,000.00 in restitution; (iii) Petitioner was denied the effective assistance of trial counsel; and (iv) Petitioner was denied the effective assistance of appellate counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> > (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the

2

evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

The Supreme Court explained that "[A] federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, 130 S. Ct. 1855, 1862 (2010)((quoting *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7 (1997); *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (*per curiam*)). "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 131 S.Ct.770, 786 (2011). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing

*Lockyer v. Andrade,* 538 U.S. 63, 75 (2003). Furthermore, pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or...could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.*

### III. Discussion

**A. Claims # 1 and # 2. The sentencing claims.**

Petitioner brings several challenges to his sentence in his first and second claims.

Initially, the Court notes that Petitioner's sentence of ten years, six months to twenty years for the armed robbery conviction is within the statutory limits for that offense. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298, 302 (6th Cir. 2000); *See also Foster v. Withrow,* 159 F. Supp. 2d 629, 645 (E.D. Mich. 2001). Claims which arise out of a state trial court's sentencing decision are not normally cognizable on federal habeas review, unless the habeas petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Vliet v. Renico,* 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002).

In his first claim, Petitioner contends that Offense Variables 7 and 8 of the Michigan Sentencing Guidelines were incorrectly scored.

Petitioner's claim that the state trial court incorrectly scored or calculated his sentencing guidelines range under the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review; it is a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Haskell v. Berghuis,* 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010); *Adams v. Burt,* 471 F. Supp. 2d 835, 844 (E.D. Mich. 2007); *McPhail v. Renico,* 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). "Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining his sentence." *See Mitchell v. Vasbinder,* 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 474, 485 (E.D. Mich. 2004). Any error by the trial court in calculating his guideline score would not merit habeas relief. *Id.*

In his second claim, Petitioner says that he was deprived of due process rights when the trial court assessed restitution in the amount of $ 1,000.00 to reimburse the victims for insurance deductibles they paid, when there was no proof that the victims had an insurance deductible or that it was in the amount of $ 1,000.00.

Petitioner does not state a claim upon which federal habeas relief can be granted. Where a habeas petitioner is not claiming the right to be released but is challenging the imposition of a fine or other costs, he may not bring a petition for writ of habeas corpus. *See United States v. Watroba*, 56 F. 3d 28, 29 (6th Cir. 1995). Continuing liability under a restitution order is like a fine-only conviction and is not a serious restraint on liberty

that warrants habeas relief. *See Barnickel v. United States*, 113 F. 3d 704, 706 (7th Cir. 1997)(quoting *Tinder v. Paula*, 725 F. 2d 801, 805 (1st Cir. 1984)); *See also Flores v. Hickman,* 533 F. Supp. 2d 1068, 1085 (C.D. Cal. 2008)(imposition of restitution order as part of California state sentence could not be challenged under habeas statute because restitution did not affect duration of habeas petitioner's state custody). Because the appropriate relief would be an amendment of the trial court's order of restitution and not release from custody, the grant of a writ of habeas corpus or other postconviction relief would be inappropriate. *See United States v. Zaragoza*, 16 F. Supp. 2d 1111, 1112 (N.D. Ind. 1998).

Petitioner's current restitution order is not a sufficient enough restraint on his liberty so as to warrant habeas relief. Moreover, he still has available state remedies if he is unable to pay this restitution. Under M.C.L.A. 780.766 (12), Petitioner may at any time petition the sentencing judge or his or her successor to modify the method of payment and the sentencing judge may modify the method of payment if the court determines that payment under the order would impose a manifest hardship to the defendant or his family. In addition, M.C.L.A. 780.766(14) indicates that a defendant shall not be incarcerated for a violation of probation or parole for failure to pay the ordered restitution unless either the court or the parole board determines that the defendant has the resources to pay the ordered restitution and has not made a good faith effort to do so.

If Petitioner's parole was either extended or revoked due to his failure to pay

restitution, he would then be "in custody" and this Court would have the jurisdiction to hear his claim. However, until such time, the threat that Petitioner's liberty will be severely restrained is "too speculative to warrant the exercise of federal habeas jurisdiction." *Tinder*, 725 F. 2d at 806. Petitioner is not entitled to habeas relief on his second claim.

**B. Claims # 3 and # 4. The ineffective assistance of counsel claims.**

Petitioner contends that he was deprived of the effective assistance of trial and appellate counsel.

To show that he was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test. First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*. In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689. Second, the defendant must show that such performance prejudiced his defense. *Id*. To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different

7

result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 131 S. Ct. at 792). The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 130 S. Ct. 383, 390-91 (2009). The *Strickland* standard applies as well to claims of ineffective assistance of appellate counsel. *See Whiting v. Burt,* 395 F. 3d 602, 617 (6th Cir. 2005).

In his third claim, Petitioner alleges that trial counsel was ineffective for failing to object to the scoring of Offense Variables 7 and 8 and for failing to object to the order of restitution.

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit applied it in that context when reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F. 2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review found in 28 U.S.C. § 2254 (d)(1) prohibits the use of lower court decisions in determining whether the state court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub,* 299 F. 3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in *Strickland*, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which ... may require a different approach to the definition of

8

constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F. 3d 1236, 1244 & n. 39 (9th Cir. 2005)(quoting *Strickland,* 466 U.S. at 686). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide Petitioner with a basis for habeas relief. *Id., See also Davis v. Grigas,* 443 F. 3d 1155, 1158 (9th Cir. 2006).

But, assuming *Strickland* applies to noncapital sentencings, Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring of the sentencing guidelines variables, because Petitioner failed to establish that his sentence would have been different had counsel objected to the scoring of Offense Variables 7 and 8. Petitioner's appellate counsel filed a motion for re-sentencing, in which he challenged the scoring of Offense Variables 7 and 8 of the Michigan Sentencing Guidelines. The trial judge denied the motion, ruling that the two offense variables had been properly scored. (Tr. 6/27/2008, pp. 6-7). Petitioner's appellate counsel then filed an appeal, which challenged the scoring of these offense variables. The Michigan Court of Appeals and the Michigan Supreme Court both denied Petitioner leave to appeal.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether there

9

is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall,* 586 F.3d 1289, 1340 (11th Cir. 2009).

Because the trial judge concluded that there was a factual basis for the scoring of the various offense variables under Michigan's Sentencing Guidelines, and the Michigan appellate courts upheld this ruling, Petitioner is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 Fed. Appx. 483, 485 (6th Cir. 2011); *cert. den.* 132 S. Ct. 848 (2011). Petitioner offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 Fed. Appx. 520, 525-26 (6th Cir. 2007). Because an objection to the scoring of the sentencing guidelines would have been futile, counsel was not ineffective for failing to object. *See Harris v. U.S.,* 204 F. 3d 681, 683 (6th Cir. 2000).

Petitioner next contends that trial counsel was ineffective for failing to object to the trial judge's order of restitution. Petitioner, however, offers no evidence or argument to establish that the amount of restitution imposed was inaccurate. Conclusory allegations of ineffective assistance of counsel, without evidentiary support, do not provide a basis for habeas relief. *See Workman v. Bell,* 178 F.3d 759, 771 (6th Cir. 1998). Because Petitioner does not offer any argument as to what counsel could have done to obtain a different restitution result at sentencing, he is not entitled to habeas relief. *See*

*Dorchy v. Jones,* 320 F. Supp. 2d 564, 581 (E.D. Mich. 2004).

In his final claim, Petitioner contends that appellate counsel was ineffective for failing to raise a claim that trial counsel was ineffective at sentencing and that his restitution had been incorrectly scored.

This Court already concluded that Petitioner's ineffective assistance of trial counsel claims are without merit and that Petitioner failed to show that the order of restitution was incorrect. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)). Because none of these claims can be shown to be meritorious, appellate counsel was not ineffective in his handling of Petitioner's direct appeal.

## IV. Conclusion

The Court denies the petition for writ of habeas corpus. The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

Since Petitioner failed to make a substantial showing of the denial of a federal constitutional right, the Court declines to issue a certificate of appealability. *See Siebert v. Jackson,* 205 F. Supp. 2d 727, 735 (E.D. Mich. 2002).

Although the Court denies a certificate of appealability to Petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). A certificate of appealability may only be granted if a petitioner makes a substantial showing of the denial of a constitutional right , but a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous; therefore, an appeal could be taken in good faith. Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### V. ORDER

The Court **DENIES**:

(1) the Petition for Writ of Habeas Corpus; AND

(2) a Certificate of Appealability.

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*
**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: April 24, 2012

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Brack Rucker by electronic means or U.S. Mail on April 24, 2012.

S/Linda Vertriest
Deputy Clerk

---